## STATEMENT OF FACTS

On November 19, 2025, Metropolitan Police Department Officers Ihsan Ozdemir (driver), Westley Grant (rear passenger) and Stephen Washington (front passenger) were in a marked DC Metropolitan Police Department vehicle, in full Metropolitan Police Department uniform and displaying their badges of authority. The above-mentioned officers were patrolling along with federal Partners from the Federal Bureau of Investigation (FBI), Homeland Security Investigations (HSI) and United States Park Police (USPP) operating marked and unmarked vehicles. The above-mentioned officers and agents were dressed in their respective uniforms of the day displaying their badges of authority and/or wearing ballistic vests clearly labeled "POLICE".

At approximately 8:12 PM, the officers were in the vicinity of 1200 North Capitol Street NW when Officer Washington observed Abdul Fields (hereinafter FIELDS) standing on the 1200 block of North Capitol Street NW. Officer Washington recognized FIELDS from prior interaction(s) and had pre-existing knowledge that FIELDS had an open arrest warrant.

Officers detained FIELDS on the pending warrant. MPD officers then confirmed the outstanding DC Superior Court arrest warrant for Simple Assault through WALES/NCIC as well as the 1D dispatcher. The warrant number was 2025 CRWSLD 005049, in CCN 25143753, issued on November 18, 2025, by the Honorable Judge Robert Salerno. Once the warrant was confirmed, officers placed FIELDS under arrest for Simple Assault.

During a search incident to arrest, MPD officers observed a handgun in FIELDS' front waistband.

When officers attempted to complete the search of FIELDS, he attempted to pull away by tensing his body and pulling his arms away while trying to reach for the handgun in his waistband. After a struggle with FIELDS in which FIELDS head-butted an MPD officer in the chest, MPD officers were able to remove the handgun from FIELDS' waistband.

District of Columbia Department of Forensic Sciences processed the firearm at MPD's First District station.

The recovered firearm appeared to be fully functional and designed to expel a projectile by the action of an explosive.

The firearm was a Polymer 80, nine-millimeter, privately manufactured firearm ("PMF"), also known as a ghost gun. The firearm was loaded with one round of ammunition in the chamber and eleven rounds inside of a magazine with a capacity of seventeen rounds. The firearm did not have a serial number.

A check of MPD's firearm registration database revealed that FIELDS did not have a license to carry a firearm in the District of Columbia.

1

FIELDS has a prior felony conviction in the District of Columbia for Voluntary Manslaughter, Superior Court Case No. 2015 CF1 3404, an offense punishable by more than one year of imprisonment. FIELDS received a sentence of 102 months of incarceration. Accordingly, FIELDS would have been aware that he was previously convicted of a crime punishable by a term of imprisonment exceeding one year at the time he possessed the firearm and ammunition.

Your affiant is aware of no firearm or ammunition manufacturers in the District of Columbia. Therefore, the ammunition described above as possessed by FIELDS necessarily traveled in interstate commerce before it was recovered in the District of Columbia.

As such, your affiant submits that probable cause exists to charge ABDUL FIELDS with a violation of 18 U.S.C. § 922(g)(1) (**Unlawful Possession of Ammunition By a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**) and 22 D.C. Code § 4503(a)(1), (b)(1) (**Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year (Crime of Violence)**).

_____
Police Officer Ihsan Ozdemir
Metropolitan Police Department

Respectfully submitted and attested to in accordance with the requirements of Federal Rule of Criminal Procedure 4.1 by telephone on November 20, 2025

_____
The Honorable Zia M. Faruqui
United States Magistrate Judge